IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00633-CMA-KMT

ERIC KARR,

Plaintiff,

v.

THEREX Inc., a corporation registered in Delaware and authorized to do business in Colorado; and, CENTURA HEALTH CORPORATION, d/b/a St. Anthony Hospital Central, a Colorado non-profit corporation,

Defendant.

**STIPULATED PROTECTIVE ORDER**

The parties to this action, their counsel, and any other person who agrees in writing to become bound by the terms of this protective order (the "Order"), are bound by this Order.

Having shown good cause in support of the entry of this Order to protect against the dissemination of the confidential information set forth herein, and recognizing the parties to this case have stipulated hereto, IT IS ORDERED:

1. This Stipulated Protective Order shall apply to all "Confidential Information". It may include, but is not limited to (i) non-public information about a past, present or potential employee of TherEX, Inc. or Centura Health Corporation, including personnel records, evaluations, compensation levels, databases, surveys, statistical analyses, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals, (ii) non-public proprietary, strategic or commercial information, policies, data or research, including, but not limited to, contracts or service agreements of TherEX, Inc. or Centura Health Corporation or one or more of their

subsidiaries, and (iii) non-public information about Plaintiff Eric Karr's health, health care, employment, employment history, family, finances and personal data, as well as all of the documents and other information set forth in Paragraph 3.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be any information that is designated as sensitive by the attorneys for the disclosing party including, but not limited to, printed documents, computer disks or other electronic media, information contained in documents or electronic media, information revealed during depositions, and information revealed in interrogatory answers. Prior to designation, counsel will review the information and the designation as confidential will be based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c). In general, "CONFIDENTIAL INFORMATION" includes and may be claimed with respect to information which is confidential or proprietary in nature, such as, but not limited to, trade secrets, research and development, customer lists or other commercial information that has been kept confidential by the producing party, and internal employee benefit, corporate EEO and security investigation files, as well as any information that implicates a common law or statutory privacy interest such as personal identifying information, personnel information, medical and financial information, or any other information that is otherwise entitled to protection under Fed. R. Civ. P. 26(c).

4. This CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except for the prosecution and defense of this case.

5. The CONFIDENTIAL INFORMATION shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a) attorneys actively working on this case;

    b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at trial, or at other proceedings in this case;

    c) the parties, including the Defendants' designated representatives for the entity Defendant respective employees, agents and representatives;

    d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e) the Court (and any appellate court), including court personnel, jurors and alternate jurors:

    f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g) deponents, witnesses, or potential witnesses; and

    h) other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, including jurors and alternate jurors, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or

she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

8. Whenever a deposition involves the disclosure of said CONFIDENTIAL information, the deposition or portions thereof shall, at the election of counsel, be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the Recipient of the disputed information may apply to the Court for an appropriate determination. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it as CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming destruction. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of confidential information pursuant to this Order and the terms and requirements of this Order shall survive the termination of this action.

12. Nothing in this Protective Order shall preclude any party from seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated this 17th day of August, 2010.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge

**STIPULATED AND AGREED TO BY:**

s/Jeffrey S. Warren
DAVIDOVICH LAW FIRM, LLC
Nathan Davidovich, Esq.
Jeffrey S. Warren, Esq.
219 S. Holly Street
Denver, Colorado 80246
Tel: (303) 825-5529

*Attorneys for Plaintiff, Eric Karr*

s/Chrstine K. Lamb
FRIESEN LAMB, LLP
Christine K. Lamb, Esq.
Stephen M. DeHoff, Esq.
1660 Wynkoop Street, Ste. 900
Denver, Colorado 80202
Tel: (720) 904-0600

*Attorneys for Defendant, TherEX, Inc.*

s/ Mia K. Della Cava
KUTAK ROCK LLP
Mark L. Sabey, Esq.
Mia K. Della Cava, Esq.
1801 California Street, Suite 3100
Denver, Colorado 80202
Tel: (303) 297-2400

*Attorneys for Defendant,
Centura Health Corporation*

**Attachment A**

*WRITTEN ACKNOWLEDGMENT*

Dear Counsel:

    1.    I have read the Stipulation and Protective Order in *Karr v. TherEX, Inc. and Centura Health Corporation*, Civil Action No. 10-cv-00633-CMA-KMT.

    2.    I have been informed by _____, Esq., counsel for _____, that the materials you sent me are Confidential Information as defined in the Stipulation and Protective Order.

    3.    I have not and will not divulge, or undertake to divulge to any person or recording device, any Confidential Information shown or told to me except as authorized in the Stipulation and Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

_____

Telephone No.: (_____)_____

_____
(Date)